UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**THE SAMUEL LAW FIRM**
Michael Samuel (MS 7997)
1441 Broadway
Suite 6085
New York, New York 10018
(212) 563-9884
michael@thesamuellawfirm.com

*Attorneys for Plaintiff*

| | |
|---|---|
| Jose L. Bonilla,<br><br>     *Plaintiff,*<br><br>   - vs. -<br><br>Twelve Moons, LLC, d/b/a New Moon Cafe, Ronald L. Campsey and Shana M. Crosier Campsey, a/k/a Shana Crosier Campsey, a/k/a Shana Crosier,<br><br>     *Defendants.* | **DOCKET NO. 2:25-cv-00972**<br><br><br>**COMPLAINT** |

Plaintiff Jose L. Bonilla ("Bonilla"), by and through his undersigned attorneys, for his complaint against defendants Twelve Moons, LLC, d/b/a New Moon Cafe, Ronald L. Campsey and Shana M. Crosier Campsey, a/k/a Shana Crosier Campsey, a/k/a Shana Crosier (collectively, "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1.  Plaintiff Jose Bonilla alleges that that he is entitled to recover from Defendants, jointly and severally: (i) compensation for unpaid wages for overtime work for which he did not receive

2

overtime premium pay as required by law, and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because the Defendants' violations lacked a good faith basis.

2.    Plaintiff further complains that he is entitled to recover from Defendants, jointly and severally: (i) back wages for overtime work for which the Defendants willfully failed to pay overtime premium pay, as required by the New York Labor Law §§ 650 et seq. ("NYLL") and the supporting New York State Department of Labor regulations; (ii) liquidated damages pursuant to the NYLL for these violations; and (iii) statutory damages for the Defendants' violation of the Wage Theft Prevention Act.

## THE PARTIES

3.    Plaintiff Jose L. Bonilla ("Bonilla") is an adult individual residing in Riverhead, NY.

4.    At all times relevant herein, defendant Twelve Moons, LLC, d/b/a New Moon Cafe has been a domestic business company organized under the laws of the State of New York (hereinafter referred to as "Twelve Moons, LLC") with a principal place of business at 524 Montauk Highway, East Quogue, Hill, NY  11942.

5.    At all times relevant herein, defendant Twelve Moons, LLC has been and continued to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

6.    Upon information and belief, at all relevant times,

3

defendant Twelve Moons, LLC has had gross revenues in excess of $500,000.00.

7.    Upon information and belief, at all relevant times herein, defendant Twelve Moons, LLC has used goods and materials produced in interstate commerce and has employed at least two individuals who handled such goods and materials.

8.    At all times relevant herein, defendants Ronald L. Campsey ("hereinafter referred to as "Ronald Campsey") and Shana M. Crosier Campsey, a/k/a Shana Crosier Campsey, a/k/a Shana Crosier (hereinafter referred to as "Shana Crosier") are/were each an owner or part owner and principal of Twelve Moons, LLC, who each have the power to hire and fire employees, set wages and schedules, and maintain their records, including Plaintiff.

9.    At all times relevant herein, defendants Ronald Campsey and Shana Crosier were involved in the day-to-day operations of New Moon, and played an active role in managing its business, including hiring, managing, supervising, and paying managing and supervising Plaintiff.

10.    At all relevant times herein, Defendants each constituted an "employer" of Plaintiff as that term is used in the Fair Labor Standards Act and New York Labor Law.

**<u>JURISDICTION AND VENUE</u>**

11.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental

4

jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

12.  Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the Defendants' business has been located in this district.

## FACTS

13.  At all relevant times herein, defendants Ronald Campsey and Shana Crosier owned and operated a cafe located at 524 Montauk Highway, East Quogue, NY  11942, under the name New Moon.

14.  Plaintiff Bonilla was employed at New Moon Cafe from approximately January 2019, until December 1, 2024, as a cook.

15.  Bonilla's work for New Moon Cafe was performed in the normal course of defendant Twelve Moons, LLC's business, was integrated into its business, and did not involve executive or administrative responsibilities.

16.  At all relevant times herein while employed by Defendants at New Moon Cafe, Bonilla was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

17.  Bonilla's schedule at New Moon Cafe, from January 2019 to December 1, 2024, was a regular schedule of six days per week, from 1:00 p.m. to 10:00 p.m. on Tuesday, Wednesday, Thursday and Friday and from 2:00 p.m. to 9:30 p.m. on Saturday, and from 2:00

p.m. to 9:00 p.m. on Sunday, with Monday as a day off.

18. Consequently, from January 2019 to December 1, 2024, Bonilla was typically working at New Moon Cafe 50.5 hours per week.

19. Bonilla was paid $902 for the first 40 hours of each week via check, and then $200 for the remaining 10.5 hours of work by cash.

20. Throughout his employment with Defendants, Plaintiff Bonilla only received pay stubs or wage statements for the first 40 hours of each week's employment.

**COUNT I**
**(Fair Labor Standards Act - Overtime)**

21. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

22. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

23. At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff proper overtime compensation for each of the hours he worked in excess of forty hours per workweek.

24. As a result of Defendants' willful failure to compensate Plaintiff at a rate at least one-and-one-half times the regular rate of pay for each hour of work performed in excess of forty hours per workweek, the Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1)

and 215(a).

25.    The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

26.    Due to Defendants' FLSA violations, Plaintiff is entitled to recover from the Defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

## COUNT II
### (New York Labor Law - Overtime)

27.    Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

28.    At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

29.    Defendants willfully violated Plaintiff's rights by failing to pay him overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations.

30.    Defendants' failure to pay Plaintiff overtime was willful, and lacked a good faith basis, within the meaning of New

York Labor Law § 198, § 663 and supporting regulations.

31.    Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from the Defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

**COUNT III**
**(New York Labor Law - Wage Theft Prevention Act)**

32.    Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

33.    At all relevant times herein, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

34.    Defendants willfully violated Plaintiff's rights by failing to pay him consistently with the wage notices required by the Wage Theft Prevention Act when he was hired, or at any time thereafter, causing harm to Plaintiff by preventing him from receiving his lawfully owed compensation including overtime premium.

35.    Defendants willfully violated Plaintiff's rights by failing to provide him with weekly wage statements regarding his overtime pay, required by the Wage Theft Prevention Act at any time during his employment, causing harm to Plaintiff by preventing him from receiving his lawfully owed compensation including overtime

premium.

36.    Due to  the  Defendants' New York Labor Law violations relating to the failure to provide consistent paystubs, Plaintiff is entitled to recover from Defendants statutory damages of $250 per day, for each day of his employment by Defendants, up to the maximum statutory damages.

37.    Due to Defendants' New York Labor Law violations relating to the failure to provide wage notices, Plaintiff is entitled to recover from Defendants statutory damages of $50 per day for each day of his employment by Defendants, up to the maximum statutory damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

a.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b.    An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

c.    A compensatory award of unpaid compensation, at the

statutory overtime rate, due under the FLSA and the New York Labor Law;

d. An award of liquidated damages as a result of Defendants' willful failure to pay the overtime compensation pursuant to 29 U.S.C. §216;

e. Liquidated damages for the Defendants' New York Labor Law violations;

f. Statutory damages for the Defendants' violation of the New York Wage Theft Prevention Act;

g. Back pay;

h. Punitive damages;

i. An award of prejudgment and postjudgment interest;

j. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

k. Such other, further, and different relief as this Court deems just and proper.

Dated: February 20, 2025

> _/s/ Michael Samuel_
> Michael Samuel (MS 7997)
> THE SAMUEL LAW FIRM
> 1441 Broadway - Suite 6085
> New York, New York 10018
> (212) 563-9884
> _Attorneys for Plaintiff_